**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04683-NYW

ISAAC ALEJANDRO SUAREZ-MOYETONES,

Petitioner,

v.

WARDEN, DENVER CONTRACT DETENTION FACILITY,

Respondent.

---

**ORDER**

---

This matter is before the Court on Petitioner's Motion to Enforce the Court's October 1, 2026 Order and for Appropriate Relief Regarding the Bond Hearing (the "Motion" or "Motion to Enforce"). [Doc. 10]. The Court ordered Respondent to respond to the Motion to Enforce no later than October 21, 2026. [Doc. 11]. Respondent failed to do so, and he has thus waived any argument in opposition to the Motion to Enforce. *See Mendoza Hernandez v. Baltazar*, No. 26-cv-03652-WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) ("Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez's claims by . . . declining to respond to Mendoza Hernandez's claims and his arguments in support of those claims."); *Juan M. v. Bondi*, No. 26-cv-00266-ECT-JFD, 2026 WL 129059, at *2 (D. Minn. Jan. 17, 2026) ("Respondents did not respond to Juan's arguments about deferred action, . . . meaning Respondents waived any challenge to these arguments."). For the reasons set forth in this Order, the Motion to Enforce is **GRANTED**.

## BACKGROUND

Petitioner Isaac Alejandro Suarez-Moyetones ("Petitioner" or "Mr. Suarez-Moyetones") is a citizen of Venezuela who has been present in the United States since at least 2023. [Doc. 1-2 at ¶¶ 1–2]. He was detained by DHS in August 2026 and was not given a bond hearing. [*Id.* at ¶¶ 3, 5]. On October 1, 2026, this Court granted his habeas petition in part and found that his detention without a bond hearing violates the Immigration and Nationality Act. *See* [Doc. 9]. The Court ordered Respondent to "provide Petitioner a constitutionally adequate bond hearing no later than October 8, 2026." [*Id.* at 5 (emphasis omitted)]. The Court further ordered that, "[a]t the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified." [*Id.* (emphasis omitted)]. Finally, the Court ordered Respondent to file a status report by October 15, 2026 confirming that a bond hearing had been held. [*Id.*].

A bond hearing was held on October 8, 2026. [Doc. 13 at 1]. In the Motion to Enforce, Mr. Suarez-Moyetones "asks the Court to review whether the bond hearing complied with the October 1, 2026 Order, including whether the Government carried its burden by clear and convincing evidence that continued detention was justified." [Doc. 10 at 2]. Petitioner, who proceeds pro se, did not provide a written detention order, and it is not clear to the Court whether the immigration judge issued a written order.

As mentioned above, despite this Court's order to do so, *see* [Doc. 11], Respondent did not respond to the Motion to Enforce. But Respondent did comply with the Court's order to file a status report by October 15. In that status report, Respondent states:

> Petitioner received his bond hearing on October 8, 2026. The Immigration Judge denied bond and concluded that the government had established that Petitioner's continued detention is justified. The Immigration Judge denied bond because it found that DHS met its burden by a preponderance of the evidence that Petitioner poses a significant flight risk. Because habeas relief has been effectuated, Respondent respectfully submits that the Court should enter final judgment and close this case.

[Doc. 13 at 1–2 (emphasis added)]. Respondent did not provide a copy of any written detention order or indicate whether a written decision was issued. *See* [*id.*].

**ANALYSIS**

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose . . . submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn*, 19 U.S. 204, 227 (1821)). Although the INA provides that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien," 8 U.S.C. § 1226(e), this statute "only bars review of the Attorney General's 'discretionary judgment,'" *Mendez v. Dedos*, No. 1:26-cv-00394-KG-JHR, 2026 WL 973077, at *2 (D.N.M. Apr. 10, 2026) (quoting *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)). "Whether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Castillo v. Field Off. Dir.*, No. 25-cv-25296, 2025 WL 4689387, at *5 (S.D. Fla. Dec. 19, 2025) ("Courts have repeatedly concluded that § 1226(e) does not preclude challenges to the procedures used in custody determinations under § 1226." (collecting cases)). Thus, while the Court cannot "serv[e] as an appellate court over an IJ's bond

decision," the Court may "assess[] whether the IJ applied the legal standard prescribed by this Court and otherwise followed the Court's directives." *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026).

Respondent states that the immigration judge denied bond after concluding "that DHS met its burden by a preponderance of the evidence that Petitioner poses a significant flight risk." [Doc. 13 at 1–2]. Taking this representation from Respondent's counsel as true, and absent any evidence to the contrary, the immigration judge's application of a preponderance-of-the-evidence burden, rather than the clear-and-convincing-evidence burden required by this Court, plainly violates the Court's October 1, 2026 Order. Furthermore, a number of courts in this District—including this Court—have ruled that due process requires a clear-and-convincing-evidence standard at bond hearings held pursuant to 8 U.S.C. § 1226(a). *See, e.g.*, *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026); *Torres v. Baltazar*, No. 26-cv-03265-CNS, 2026 WL 2267182, at *1 (D. Colo. Aug. 6, 2026). Because Respondent failed to provide a constitutionally adequate bond hearing at which the Government bore the burden of proof to justify Petitioner's detention by clear and convincing evidence, the Motion to Enforce is **GRANTED**.

The Court concludes that the appropriate remedy is immediate release. The Court previously ordered that if Respondent did not provide Petitioner a constitutionally adequate bond hearing, "Petitioner must be immediately released from detention." [Doc. 9 at 5]. Furthermore, the Court sees no reason to order another bond hearing—and risk another violation—and prolong the detention that this Court has already determined is unlawful. *See Quiroz Zacarias*, 2026 WL 1092162, at *5 (ordering immediate release and

recognizing that "[r]equiring [the petitioner] to undergo yet another" bond hearing "would only add further insult to the constitutional injury to which Petitioner has already been subjected"); *Mejia v. Baltazar*, No. 26-cv-00385-NYW-TPO, 2026 WL 1361514, at *5 (D. Colo. May 15, 2026) (this Court granting motion to enforce and ordering immediate release where the IJ failed to comply with the Court's order). Respondent **SHALL RELEASE** Petitioner within **48 hours** of the entry of this Order. On or before **October 30, 2026**, Respondent shall file a status report confirming Petitioner's release from custody and indicating whether any further proceedings in this matter are required.

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) Petitioner's Motion to Enforce the Court's October 1, 2026 Order and for Appropriate Relief Regarding the Bond Hearing [Doc. 10] is **GRANTED**;

(2) Respondent **SHALL RELEASE** Petitioner within **48 hours** of the entry of this Order; and

(3) On or before **October 30, 2026**, Respondent shall file a status report confirming Petitioner's release and informing the Court whether further proceedings are required in this case.

DATED: October 23, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge